UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LARON H.,

     Plaintiff,

 -v-

COMMISSIONER OF SOCIAL SECURITY,

     Defendant.

_____

20-CV-07099-MJR
DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case.  (Dkt. No. 11)

Plaintiff LaRon H.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Supplemental Security Income ("SSI") pursuant to the Social Security Act (the "Act").  Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.  For the following reasons, Plaintiff's motion (Dkt. No. 8) is denied, and defendant's motion (Dkt. No. 9) is granted.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

On July 23, 2018, Plaintiff filed for SSI, alleging disability beginning July 23, 2017. (Administrative Transcript ["Tr."] 172-77).  The application was initially denied on November 13, 2018.   (Tr. 72-84, 88-99).   Plaintiff timely filed a request for an administrative hearing.  (Tr. 102-04).   On January 23, 2020, Administrative Law Judge ("ALJ") Asad M. Ba-Yunus held a video hearing from Albany, New York.  (Tr. 25-71). Plaintiff appeared in Rochester, New York, with counsel.  A vocational expert also testified at the hearing.  The ALJ issued an unfavorable decision on February 13, 2020.  (Tr. 9-24).  On October 27, 2020, the Appeals Council denied Plaintiff's request for review.  (Tr. 1-6).  This action followed.

## DISCUSSION

I.    *Scope of Judicial Review*

The Court's review of the Commissioner's decision is deferential.  Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).  "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts."  *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014).  "Where the Commissioner's decision

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

rests on adequate findings supported by evidence having rational probative force," the Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).  Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review.  The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983).  The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct.  The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence.  Further, the Commissioner's factual conclusions must be applied to the correct legal standard.  *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008).  Failure to apply the correct legal standard is reversible error. *Id.*

II.    *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months."  42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A).  The Commissioner may find the claimant disabled "only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work."  *Id.* §§423(d)(2)(A), 1382c(a)(3)(B).  The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience."  *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process."  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).  First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity."  *Id.* §§404.1520(b), 416.920(b).  If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience."  *Id.* §§404.1520(b), 416.920(b).  Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment."  *Id.* §§404.1520(c), 416.920(c).  To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  *Id.* §§404.1520(c), 416.920(c).  As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations.  *Id.*

§§404.1520(c), 416.920(c).   Third, if the claimant does have a severe impairment, the Commissioner asks two additional questions:   first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1.   *Id.* §§404.1520(d), 416.920(d).   If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience.   *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five.   Before doing so, the Commissioner must "assess and make a finding about [the claimant's] residual functional capacity ["RFC"] based on all the relevant medical and other evidence" in the record.   *Id.* §§404.1520(e), 416.920(e).   RFC "is the most [the claimant] can still do despite [his or her] limitations."   *Id.* §§404.1545(a)(1), 416.945(a)(1).   The Commissioner's assessment of the claimant's RFC is then applied at steps four and five.   At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work."   *Id.* §§404.1520(f), 416.920(f).   If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act.   *Id.* §§404.1520(f), 416.920(f).   Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work."   *Id.* §§404.1520(g)(1), 416.920(g)(1).   If the claimant can adjust to other work, he or she is

not disabled.  *Id.* §§404.1520(g)(1), 416.920(g)(1).  If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act.  *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform."  *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 23, 2018, the application date.  (Tr. 14).  At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety; depressive disorder; and history of non-material substance abuse disorder.  (Tr. 14-15).  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 15-16). Prior to proceeding to step four, the ALJ determined that Plaintiff had the following RFC:

> [C]laimant has the [RFC] to perform medium work as defined in 29 CFR 416.967(c) except he may frequently stoop, kneel, crouch, crawl, and occasionally climb ramps, stairs, ladders, ropes, and scaffolds.  He may only perform unskilled simple routine tasks, may have frequent interaction with supervisors, and no more than occasional interaction with coworkers and the general public.

(Tr. 16-19).

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work.  (Tr. 19). At step five, the ALJ found that there exist jobs in significant numbers in

the national economy that Plaintiff can perform. (Tr. 20-21). Therefore, the ALJ found that Plaintiff was not disabled since July 23, 2018, the application date. (Tr. 21).

      IV.    *Plaintiff's Challenge*

Plaintiff argues that the case must be remanded because the ALJ's mental RFC is unsupported by substantial evidence and because the ALJ failed to develop the evidence of record.  The Court finds these arguments without merit.

Contrary to Plaintiff's contention, substantial evidence supports the ALJ's RFC determination. The ALJ determined that Plaintiff retained the RFC to perform unskilled simple tasks with no more than frequent interaction with supervisors and only occasional interaction with co-workers and the general public. (Tr. 16). The ALJ based his RFC determination on the observations and assessment of consultative psychologist, Dr. Adam Brownfeld; the assessment of State agency psychiatric consultant, Dr. Liber-Diaz; treatment records from Unity Hospital; and Plaintiff's own statements. (Tr. 15-19; *see* Tr. 77, 207, 209, 287-88, 317, 322-35, 338).

Dr. Brownfeld's observations and assessment support the ALJ's RFC determination. (Tr. 16; *see* Tr. 287-88). Dr. Brownfeld observed that Plaintiff's mental status was unremarkable. (Tr. 287). Specifically, Dr. Brownfeld observed that Plaintiff was cooperative and his overall presentation was adequate. (Tr. 287). Plaintiff's language skills were adequate. His thought processes were coherent. Plaintiff's attention span, concentration skills, and memory skills were intact. (Tr. 287-88). Plaintiff's intellectual functioning was within the average range. (Tr. 288). Plaintiff's general fund of information was appropriate to his experience. Plaintiff's insight and judgment were good. (Tr. 288). Based on these unremarkable findings, Dr. Brownfeld assessed that Plaintiff had no

limitations in understanding, remembering, and applying simple and complex instructions; making work-related decisions; interacting appropriately with supervisors, co-workers, and the public; sustaining concentration; performing a task at a consistent pace; sustaining an ordinary routine and regular attendance at work. (Tr. 288). It is well established that a consultative psychologist's opinion may serve as substantial evidence in support of an ALJ's decision if the evidence of record supports the opinion, as it does here. *See Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)). Dr. Brownfeld further assessed merely mild limitations in regulating emotions, controlling behavior, and maintaining well-being. (Tr. 288). A finding of mild limitations in mental functioning does not preclude the ability to perform unskilled work. The Second Circuit has held that moderate (*i.e.*, more than mild) limitations in work-related functioning does not significantly limit, and thus prevent, a plaintiff from performing unskilled work. *Zabala v. Astrue*, 595 F.3d 402, 410 (2d Cir. 2010) (holding that ALJ's determination that claimant could perform simple work tasks was well supported where "None of the clinicians who examined [plaintiff] indicated that she had anything more than moderate limitations in her work-related functioning, and most reported less severe limitations.").

Dr. Lieber-Diaz's assessment further supports the ALJ's RFC determination. (Tr. 16; *see* Tr.. 77). Consistent with Dr. Brownfeld's assessment, Dr. Lieber-Diaz, the State agency psychological consultant, assessed that Plaintiff had no more than mild limitations in understanding, remembering, and applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (Tr. 77). State agency psychological consultants are highly qualified psychologists who are

experts in Social Security disability evaluations and an ALJ is entitled to rely on their opinions. 20 C.F.R. § 416.913a(b)(1).

Treatment records from Unity Hospital and Plaintiff's own statements also support the ALJ's RFC determination. (Tr. 16; *see* Tr. 317-18, 322-35, 338). Plaintiff's counselors at Unity Hospital consistently observed that his mental status examination findings were generally unremarkable. (Tr. 317-18, 322-35, 338). Notably, Plaintiff's counselors neither observed nor assessed any limitations that would preclude him from performing unskilled simple tasks with limited interactions with supervisors, co-workers, and the general public. (Tr. 308-39). As the Second Circuit has held, "the [Commissioner] is entitled to rely not only on what the record says but also on what it does not say." *See Diaz v. Shalala,* 59 F.3d 307, 315 (2d Cir. 1995) (citing *Dumas v. Schweiker*, 712 F.2d 1545, 1553 (2d Cir. 1983)). Also, on his activities of daily living questionnaire, Plaintiff reported that he could follow written and/or spoken instructions, and had no problems getting along with friends, relatives, and/or authority figures. (Tr. 207, 209). The Second Circuit has held that plaintiff bears the burden of proving that his RFC is more restricted than that found by the ALJ, whereas the Commissioner need only show that substantial evidence supports the ALJ's decision. *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009); *see Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) ("Smith had a duty to prove a more restrictive RFC, and failed to do so."); *see also Talavera v. Astrue,* 697 F.3d 145, 153 (2d Cir. 2012) (holding that a lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits). Thus, because substantial evidence supports the ALJ's RFC determination, the ALJ must be affirmed.

Plaintiff's contention that the ALJ failed to adequately develop the record because he did not obtain additional treatment records from Dr. Natercia Rodrigues, a family physician with Manhattan Square Family Medicine ("Manhattan Square"), is meritless. The Commissioner's regulations require an ALJ to develop the record by obtaining a "complete medical history for at least the 12 months preceding the month in which [a claimant] file[s] [an] application." 20 C.F.R. § 416.1512(b). The claimant, however, is responsible for providing the evidence used in the RFC assessment. 20 C.F.R. § 416.945(a)(3); *see* SSR 86-8 (the individual has the burden of proving that he is disabled and of raising any issue bearing on that determination or decision); *see also Poupore v. Astrue*, 566 F.3d at 306 (the Commissioner need not provide evidence of the claimant's RFC). Here, the agency properly requested treatment records from Manhattan Square on October 4 and October 17, 2018. (Tr. 75). *See* 20 C.F.R. § 416.912(b)(1)(i) (we will make every reasonable effort to help a claimant get medical evidence from their medical sources, including an initial request for the evidence and a follow-up request). In response, on October 31, 2018, Manhattan Square provided Dr. Rodrigues' treatment records from August 17, 2018. (*See* Tr. 74, 293-94).

The ALJ also granted Plaintiff's attorney's request for additional time to obtain treatment records from Dr. Rodrigues. (Tr. 29-32). The ALJ was permitted to rely upon Plaintiff's attorney's representations that he would provide these records. *See, e.g., Dutcher v. Astrue,* No. 09-CV-1161 (LEK/VEB), 2011 WL 1097860 at *6 (N.D.N.Y. Mar. 7, 2011) (holding that an ALJ did not fail in his duty to develop the record where the ALJ permitted ample time for a claimant's attorney to obtain additional evidence, the attorney offered no credible explanation for his failure to do so, and the evidence that was included

in the record supported the ALJ's assessment) (citing *Jordan v. Comm'r of Soc. Sec.,* 142 F. Appx. 542 (2d Cir. 2005); *Rivera v. Comm'r of Soc. Sec.*, 728 F. Supp. 297, 330 (S.D.N.Y. 2010) ("The ALJ's request that plaintiff's attorney obtain the recent treatment records from Lincoln Hospital fulfilled his obligation with regard to developing the record.").

The ALJ is not obligated to seek further medical records whenever the evidence of record is sufficient for the ALJ to make an informed disability determination. *Lowry v. Astrue*, 474 Fed. Appx. 801, 804 (2d Cir. 2012) ("where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a claim for benefits") (quoting *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999)). Here, the evidence of record was sufficient for the ALJ to make an informed disability decision. Specifically, the evidence of record included a consultative psychologist's report, a State agency psychological consultant's assessment, records from Plaintiff's medical sources, his activities of daily living questionnaire, and his testimony. (Tr. 37-61, 76-77, 202-09, 257-284, 286-89, 308-94). *See Morris v. Berryhill,* 721 F. App'x 25 (2d Cir. 2018) (the record before the ALJ contained sufficient information upon which the ALJ could formulate an RFC and, thus, remand is not required); *see also Brogan-Dawley v. Astrue*, 484 F. App'x 632, 634 (2d Cir. 2012) (the ALJ was not required to further develop the record when the available evidence was adequate to determine that the claimant was not disabled).

Plaintiff ultimately bears the burden of proving he is disabled, and the ALJ's duty to develop the record is not absolute. *See Waldvogel v. Comm'r of Soc. Sec.*, No. 6:16-

CV-0868, 2017 WL 3995590, at *8 (N.D.N.Y. Sept. 11, 2017) ("While the ALJ does have a concurrent duty to assist in developing the record, that does not relieve Plaintiff of her duty to provide evidence in support of her claim."). Plaintiff's failure to provide additional evidence "does not show that the ALJ was required to seek out that evidence himself." *Waldvogel*, 2017 WL 3995590, at *8. It is well settled that "a representative has an affirmative duty to provide competent assistance to the claimant, including acting with reasonable promptness to help obtain information or evidence the claimant must submit." SSR 17-4p. Further, "[i]t is not unreasonable to require the claimant, who is in a better position to provide information about his own medical condition, to do so." *Bowen*, 482 U.S. 137, 146 n.5 (1987).

Plaintiff simply argues that the record was incomplete, but he does not argue with any specificity how additional records would have affected the case. A challenge that the record must be supplemented by the ALJ will not prevail without an explanation of "how it would have affected [the] case." *Reices-Colon v. Astrue*, 523 F. App'x 796, 799 (2d Cir. 2013). When a Plaintiff contends that an ALJ inadequately developed the record, the central issue is whether the missing evidence reasonably could have changed the ALJ's decision. *Santiago v. Astrue*, No. 3:10-cv-937(CFD), 2011 WL 4460206, at *2 (D. Conn. Sept. 27, 2011) (citing *Pratts v. Chater*, 94 F.3d 34, 37-38 (2d. Cir. 1996)). Notably, Plaintiff bears the burden of demonstrating that the missing evidence could have changed the ALJ's decision. *Id*; (quoting *Shinseki v. Sanders*, 556 U.S. 396, 129 S. Ct. 1696, 1706 (2009)). Where "plaintiff makes only a general argument that any missing records possibly could be significant, if they even exist[,] . . . [t]hat argument is insufficient to carry his burden." *Id.* Here, Plaintiff's contention amounts to no more than his disagreement with

the ALJ's evaluation of the evidence and, as indicated in *Santiago*, such a contention is insufficient to warrant remand.

## CONCLUSION

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 8) is denied and defendant's motion for judgment on the pleadings (Dkt. No.9) is granted.

The Clerk of Court shall take all steps necessary to close this case.

**SO ORDERED.**

Dated:       February 14, 2023
             Buffalo, New York

                                   MICHAEL J. ROEMER
                                   United States Magistrate Judge